IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Francisco Ledesma Gutierrez,<br><br>Plaintiff,<br><br>v.<br><br>The City of Greenville, South Carolina; Jennifer F. Lane; AB Hubbard; John Doe,<br><br>Defendants. | ) | Case No. 6:26-cv-02767-DCC<br><br><br><br>**ORDER** |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 5, 2026, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections but has filed several other documents and motions addressed below.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court will begin with a discussion of Plaintiff's various filings before addressing the Report. While Plaintiff has not filed a document labeled objections, in light of his prolific filings and out of an abundance of caution for a pro se party, the Court's review has been de novo. All arguments made in Plaintiff's filings have been construed as objections as appropriate.

In ECF No. 12, docketed as a letter and signed by Natalie Hughes, she states that she wants to withdraw her previous statement and does not support further prosecution of Plaintiff in his state case. ECF No. 13 is docketed as a motion to dismiss; however, the first page appears to be a copy of a motion to dismiss in Plaintiff's state case. After that, he recounts events pertaining to his arrest and state court appearances. The document is signed under penalty of perjury and has been so considered. The Court has also reviewed the attachments to this document. ECF No. 14 is docketed as a request

for a Blacks Law Dictionary. Again the first page appears to be directed at the state court. The remainder is a duplicate of the documents submitted with ECF No. 13. ECF No. 15 is substantially similar. It is docketed as a motion to suppress all evidence but that title is derived from the first page, which is directed at the state court. The attachments are, again, duplicates. ECF No. 16 is docketed a motion to dismiss charges, ECF No. 17 is docketed a motion to dismiss upon Fourth Amendment violations, and ECF No. 18 is docketed a motion for speedy trial. The first page of each document is directed at the state court and the attachments are the same.

ECF No. 23 is docketed as motion to remand and is titled a "notice to reamend." Plaintiff states that his claims are excessive force, fabrication of evidence in violation of the Fourteenth Amendment, denial of his right to a fair trial, and a claim for lack of access to courts. He proceeds through the facts of his case and his alleged violations. He provides no basis for remand.[1]

On October 15, 2026, Plaintiff filed a letter and five motions. In ECF No. 33, docketed as a letter, Plaintiff argues that his motions in state court have been decided incorrectly and states that he is invoking his Sixth Amendment Speedy Trial rights. ECF Nos. 34–37 are all directed at the state court and request relief in his criminal proceeding. The Court has reviewed these motions but finds that they do not request relief that can

[1] In addition to the motions listed here, Plaintiff also filed two letters since the issuance of the Report. In ECF No. 19, Plaintiff requested a copy of the letter submitted by Natalie Hughes and information on his case. ECF No. 21 has been filed as a letter, is titled "Proof of Service" and contains attachments. All of Plaintiff's filings have been reviewed by the Court.

be granted by this Court. In ECF No. 38, Plaintiff labels the motion as being filed in the United States District Court and seeks to remove his criminal charges to this Court. This request is denied. *See Hyde v. North Carolina*, No. 1:19-cv-941, 2019 WL 5218995, at *1 (M.D.N.C. Sept. 19, 2019), *report adopted,* 2019 WL 5213257 (M.D.N.C. Oct. 15, 2019).

Turning to the Report, the Court agrees with the recommendation of the Magistrate Judge and overrules Plaintiff's objections. To the extent Plaintiff requests interference in his state criminal case, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate. As explained in more detail by the Magistrate Judge, from *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is detained on state criminal charges, South Carolina has a substantial interest in administering its criminal justice system free from federal interference, and ordinarily a pending state prosecution provides a fair and sufficient opportunity to vindicate constitutional rights.

To the extent Plaintiff requests review of the state court decisions, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars lower federal courts from exercising appellate jurisdiction over final state court judgments.

Such is the case here, where Plaintiff asks this Court to review the denial of his motion to dismiss in his criminal case.

Moreover, Defendants Lane and John Doe are shielded from suit by judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's claims against the judicial Defendants concern actions taken in their judicial capacities; accordingly, they summarily dismissed from this action.[2]

**CONCLUSION**

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Magistrate Judge's recommendation. This action is **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process. Plaintiff's motions [13,14,15,16,17,18, 34, 35, 36, 37] do not request relief from this Court and are **FOUND as MOOT**. Plaintiff's motion [23] reasserts federal causes of action and provides no basis to remand; accordingly, it is **DENIED**. Plaintiff's motion for removal [38] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 6, 2026
Spartanburg, South Carolina

---

[2] The Court notes that, to the extent Plaintiff's various filings could be liberally construed as putting forward additional causes of action, he has not requested leave to amend formally or informally.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.